**Earsel L. HENSLEY, John R. Clark, David Jude, Thomas E. Curry, Gary A. Rose, Ronnie L. Marcum, Jr., Charles R. Hunt, James S. Venturino, Jr., Plaintiffs,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY, a foreign corporation, Norfolk and Western Railway Company, a West Virginia corporation, Defendants.**

Civ. A. No. 3:92–0958.

United States District Court,
S.D. West Virginia,
Huntington Division.

Sept. 28, 1993.

Michael Thornsbury, Williamson, WV, for plaintiffs.

Fred B. Westfall, Jr., Huntington, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

Plaintiffs are all employees of the defendants (the railroad) working as trainmen out of its Williamson district of operations. In May, 1992, the railroad posted a notice announcing the opportunity for some of its employees to transfer to other locations within the railroad's geographic operations. The notice stated that each employee accepting a transfer would be paid $50,000 with an initial payment of $2,000 at the time of transfer. Each of the plaintiffs applied for and was accepted for transfer to the railroad's Kenova district. Each of them received the initial $2,000 payment. However, thereafter, and before the transfer process was completed, the railroad rescinded each of the plaintiff's transfer. The railroad has asserted that the reasons for the rescissions were a reevaluation of manpower needs at the Williamson district and complaints by the plaintiffs' own union that the transfers violated seniority rights guaranteed in collective bargaining agreements between the union and the railroad. Consequently, none of the plaintiffs had their place of employment transferred to the Kenova district and none received the remaining $48,000 of the transfer premium.

The plaintiffs filed this suit in the Circuit Court of Mingo County alleging that each of them had entered into a binding contract with the railroad regarding the transfer and that the railroad had breached those contracts. They each asked the court for specific performance of the contract and/or damages in the amount of the unpaid premium. In addition, they alleged that the railroad's conduct constituted the torts of outrageous conduct and interference with a contractual relationship and demanded compensatory and punitive damages.

The railroad removed the suit to this court. 28 U.S.C.A. § 1441 (West 1973 & Supp.1993). It asserted two bases for this court's jurisdiction to hear the suit: first, that there was federal question jurisdiction, 28 U.S.C.A. § 1331 (West Supp.1993), because the plaintiffs' state-law claims are preempted by the Railway Labor Act, 45 U.S.C.A. §§ 151–63 (West 1986); and second, that there is diversity of citizenship between the plaintiffs and

the defendants. 28 U.S.C.A. § 1332 (West 1966 & Supp.1993).

The plaintiffs and the defendants have moved for summary judgment. Fed.R.Civ.P. 56. The plaintiffs contend that they are entitled to judgment that a binding contract existed between each of them and the railroad and that the railroad breached those contracts. The defendants' motion is in effect a motion to dismiss because this court does not have subject matter jurisdiction. It is their contention that the plaintiffs' claims are labor disputes because the claims arise out of the plaintiffs' employment relationship with the railroad. Furthermore, that employment relationship is governed by a collective bargaining agreement negotiated with the plaintiffs' union. As a result, according to the defendants, plaintiffs' contract and tort claims are pre-empted by the Railway Labor Act's procedures for resolving labor disputes, 45 U.S.C.A. § 153 First(i) & (m) (West 1986), of which the plaintiffs have not availed themselves. Since resort to the Act's grievance procedures is mandatory, *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n,* 491 U.S. 299, 303, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250, 262 (1989), the railroad argues that this court does not have jurisdiction to hear plaintiffs' claims because they have not exhausted their statutory grievance remedies.

■ The plaintiffs do not contest that they are employees or that the railroad is a carrier, as those terms are defined in the Railway Labor Act, 45 U.S.C.A. § 151 First & Fifth (West 1986). Nor do they contest that they are members of a union which has entered into a collective bargaining agreement with the railroad pursuant to 45 U.S.C.A. § 152 Fourth (West 1986). Furthermore, they do not disagree that the Act requires mandatory arbitration of what are called "minor" labor disputes. They instead argue that their claims constitute a "major" labor dispute, which is not subject to compulsory arbitration under the Act, and that, therefore, they may maintain this lawsuit.

■ Congress enacted the Railway Labor Act in order to provide effective mechanisms for resolving labor disputes between railroads and their employees. *E.g., Elgin,*

*Joliet & Eastern Railway v. Burley,* 325 U.S. 711, 722–28, 65 S.Ct. 1282, 1289–92, 89 L.Ed. 1886 (1945). Such labor disputes are categorized as either "major" or "minor." *E.g., Consolidated Rail,* 491 U.S. at 304–06, 109 S.Ct. at 2481–82, 105 L.Ed.2d at 260–63; *id.* A major labor dispute "relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is *not* whether an existing agreement controls the controversy." *Burley,* 325 U.S. at 723, 65 S.Ct. at 1290 (emphasis added). A minor labor dispute, on the other hand,

> contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision [of a bargaining agreement] with reference to a specific situation or to an omitted case. [An omitted case is one where] the claim is founded upon some incident of the employment relation[ship] ... independent of those covered by the collective agreement....

*Id.* Both types of disputes have statutorily mandated procedures the parties must follow in an effort to resolve the dispute. *Consolidated Rail,* 491 U.S. at 302–04, 109 S.Ct. at 2480–81, 105 L.Ed.2d at 260–62. However, the final step for resolving a *minor* dispute is compulsory, binding arbitration. *Id.,* 491 U.S. at 303, 109 S.Ct. at 2480, 105 L.Ed.2d at 262; *Andrews v. Louisville & Nashville Railroad,* 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95, 98 (1972); *Brotherhood of Locomotive Engineers v. Louisville & Nashville Railroad,* 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172, 176 (1963). The court's role in minor disputes is limited to enforcing the Act's dispute resolution procedures, *Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad,* 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957), or enforcing the arbitration results. *See Locomotive Engineers,* 373 U.S. at 37, 83 S.Ct. at 1061, 10 L.Ed.2d at 176. Any doubts as to whether or not a dispute is a minor dispute

covered by the Act are to be resolved in favor of it being a minor dispute, if there is some arguable basis for finding that the dispute relates to a bargaining agreement, *Kushto v. Brotherhood of Railway Clerks,* 818 F.2d 290, 292–93 (4th Cir.1987), or arises out of the employment relationship. *See Lorenz v. CSX Transportation, Inc.,* 980 F.2d 263 (4th Cir.1993).

*Kushto, supra,* involved claims of breach of contract by railroad employees when they were barred from participating in a severance program offered by their employer because of the seniority provisions of a collective bargaining agreement between their union and their employer. 818 F.2d at 291–92. The employee-plaintiffs argued "that the notice announcing the revised plan for voluntary severance was an offer which they properly accepted, creating a binding contract with the railroad." *Id.* at 292. The Fourth Circuit held that "[t]he dispute over the supposed contracts for severance pay is a 'minor' dispute because it relates directly to the collective bargaining agreement between the railroad and the union...." *Id.* at 292–93. Consequently, it held that the district court did not have jurisdiction over the breach of contract claims. *Id.* at 292.

The Fourth Circuit in *Lorenz* dismissed a tort claim for wrongful discharge for the same reason. 980 F.2d 263.

Based upon *Lorenz, supra,* and *Kushto, supra,* plaintiffs' breach of contract and tort claims are "minor", rather than "major", disputes. Furthermore, the railroad has presented a non-frivolous argument that plaintiffs' claims may be governed by a collective bargaining agreement. Consequently, plaintiffs' claims are subject to the dispute-resolution mechanism of the Railway Labor Act and this court is without subject matter jurisdiction over them. *E.g., Railway Labor Executives Ass'n v. Chesapeake Western Railway,* 915 F.2d 116, 119 (4th Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991); *Chicago & North Western Transportation Co. v. Railway Labor Executives Ass'n,* 855 F.2d 1277, 1282–85 (7th Cir.1988), *cert. denied,* 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 529 (1988).

It is therefore ORDERED that:

1. The plaintiffs' motion for summary judgment be, and the same hereby is, OVERRULED and DENIED;

2. The defendants' motion for summary judgment be, and the same hereby, SUSTAINED and GRANTED;

3. The plaintiffs' complaint be, and the same hereby is, DISMISSED, because this court does not have subject-matter jurisdiction.